UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAYVEST GLOBAL MANDATE INC., f/k/a/ CAYVEST US EQUITY, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>LEWIS ASSET MANAGEMENT CORP., LAM OPPORTUNITY FUND, LTD., W. AUSTIN LEWIS, IV, ANDREW J. KUNAR, AND CHRISTOPHER WETHERHILL,<br><br>Defendants. | Index No. 10-CV-695 (RMB)<br><br>ECF Case |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT AND IN OPPOSITION
TO PLAINTIFF'S CROSS-MOTION FOR THE APPOINTMENT OF A RECEIVER

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
*Attorneys for Lewis Asset Management Corp.,
LAM Opportunity Fund, Ltd., W. Austin Lewis,
IV and Andrew J. Kunar*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1105495-2

Table of Contents

Page

Preliminary Statement ..................................................................................................................1

Argument .......................................................................................................................................2

    I    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS UNDER BOTH SECTION 10(B) AND SECTION 20(A) OF THE SECURITIES EXCHANGE ACT OF 1934 ............................................................................................2

        A.    The Court Should Dismiss Plaintiff's Section 10(b) Claims........................2

            1.    The Amended Complaint Fails to Allege any Facts to Give Rise to a "Strong Inference" of Scienter..........................................2

            2.    The Amended Complaint Does Not Sufficiently Allege Any Misstatements.........................................................................4

        B.    Plaintiff's Claim Under Section 20(a) Should Be Dismissed.......................5

    II    THE COURT SHOULD NOT RETAIN JURISDICTION OVER THE REMAINING STATE LAW CLAIMS ...................................................................6

    III    THE COURT SHOULD NOT APPOINT A RECEIVER .......................................6

        A.    To Be Entitled to the Appointment of a Receiver, Plaintiff Must Meet the Heavy Burden of Showing That a Receiver Is Necessary ............6

        B.    It Is Not Necessary to Appoint a Receiver Because the Fund Is Currently Being Liquidated Pursuant to Bermuda Law ...............................7

        C.    The Court Should Not Appoint a Receiver Because This Matter Should Be Dismissed .................................................................................9

Conclusion ..................................................................................................................................10

i

Table of Authorities

Page

CASES

*Brick v. Dominion Mortg. and Realty Trust,*
   442 F. Supp. 283 (S.D.N.Y. 1977) ..................................................................6, 9

*Caiafa v. Sea Containers Ltd.,*
   525 F. Supp. 2d 398 (S.D.N.Y. 2007) (Berman, J.).............................................2, 5

*Defer LP v. Raymond James Fin., Inc.,*
   654 F. Supp. 2d 204 (S.D.N.Y. 2009).....................................................................3

*Footbridge Ltd. v. Countrywide Home Loans, Inc.,*
   No. 09 Civ. 4050, 2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010)........................3, 5

*In re Light Management Group, Inc.,*
   No. 02 CV 3345, 2003 WL 22990062 (S.D.N.Y. Dec. 19, 2003)..........................3

*In re PXRE Group, Ltd., Secs. Litig.,*
   600 F. Supp. 2d 510 (S.D.N.Y. 2009).....................................................................5

*Meineke Discount Muffler Shops, Inc. v. Noto,*
   603 F. Supp. 443 (E.D.N.Y. 1985) .........................................................................7

*Owens v. Gaffken & Barriger Fund LLC,*
   Nos. 08 Civ. 8414, 08 Civ. 9357, 2009 WL 773517 (S.D.N.Y. March 24, 2009) ....8

*S.E.C. v. Byers,*
   637 F. Supp. 2d 166 (S.D.N.Y. 2009).....................................................................8

*S.E.C. v. Byers,*
   590 F. Supp. 2d 637, 639 (S.D.N.Y. 2008).............................................................8

*S.E.C. v. Republic Nat. Life Ins. Co.,*
   378 F. Supp. 430 (S.D.N.Y. 1974) .........................................................................8

*Universal Licensing Corp. v. Paola del Lungo S.p.A.,*
   293 F.3d 579 (2d Cir. 2002)....................................................................................6

*Varsames v. Palazzolo,*
   96 F. Supp. 2d 361 (S.D.N.Y. 2000).......................................................................7

STATUTES

28 U.S. C. § 1332(a)(1)-(4)...........................................................................................6

Defendants LAM Opportunity Fund, Ltd. (the "Fund"), Lewis Asset Management Corp. (the "Investment Advisor"), W. Austin Lewis, IV and Andrew J. Kunar (collectively "LAM Defendants"), by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky, LLP, submit this reply memorandum of law in further support of their motion to dismiss the Amended Verified Complaint (the "Amended Complaint"), pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and in opposition to Plaintiff's cross-motion for the appointment of a receiver.

Preliminary Statement

In moving to dismiss, the LAM Defendants established that Plaintiff has failed to plead a valid claim under Sections 10(b), 15 U.S.C. § 78j(b) of the Securities Exchange Act of 1934 because the Amended Complaint fails to sufficiently allege either scienter or any actionable misstatements. Plaintiff's opposition does not explain how Defendants are wrong in these assertions. Plaintiff entirely ignores the LAM Defendants' arguments regarding scienter, and it does not show how the Amended Complaint meets the strict standards for pleading an actionable misstatement. Thus, Plaintiff's Section 10(b) claim should still be dismissed. Plaintiff also does not refute that since its federal claims should be dismissed, the Court should also decline supplemental jurisdiction over the state law claims.

Despite not sufficiently addressing the defects in its Amended Complaint, Plaintiff still requests that the Court appoint a receiver "to guide the Fund though liquidation." However, Plaintiff cannot meet the high burden of showing such an appointment is necessary. The Fund has already voted to liquidate and, in accordance with Bermudan law, appointed Edward Allanby as the liquidator. Mr. Allanby is exercising his powers under Bermudan law, marshalling and disposing of assets. Thus the Court should not employ the extraordinary relief of appointing a receiver over the Fund.

1105495-2

<u>Argument</u>

I

THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS UNDER BOTH
SECTION 10(B) AND SECTION 20(A) OF THE SECURITIES EXCHANGE ACT OF 1934

A.   <u>The Court Should Dismiss Plaintiff's Section 10(b) Claims</u>

"To state a claim under § 10(b) and the corresponding Rule 10b-5, a plaintiff must plead that the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." *Caiafa v. Sea Containers Ltd.*, 525 F. Supp. 2d 398, 408-09 (S.D.N.Y. 2007) (Berman, J.). In seeking to dismiss Plaintiff's eighteenth cause of action for violations of Sections 10(b), Defendants showed that Plaintiff has failed to sufficiently plead either that Defendants acted with scienter or that they made material false statements. Plaintiff's opposition brief entirely ignores Defendants' arguments concerning scienter and does not show that Plaintiff has sufficiently pleaded alleged misstatements by any of Defendants. As a result, Plaintiff has failed to show why its Section 10(b) claim should not be dismissed.

Initially, it should be noted, that Plaintiff admits in its brief that its securities fraud claims are limited to "defendants' fraud before plaintiff's purchase of shares." (Opposition at 2). Thus, the description in its opposition of event that occurred in 2008, 2009 and 2010 are entirely irrelevant to Defendants' motion to dismiss.

    1.    The Amended Complaint Fails to Allege any
           <u>Facts to Give Rise to a "Strong Inference" of Scienter</u>

In the motion to dismiss, Defendants showed that Plaintiff failed to sufficiently plead the scienter element of the Section 10(b) claim, that is to say Plaintiff failed to show either: (1) Defendants had a motive and opportunity to commit fraud or (2) Defendants acted conscious of their misbehavior or were recklessness. In its opposition, Plaintiff entirely ignores both of

2

these arguments. The total absence of any showing of scienter is, in and of itself, fatal to Plaintiff's Section 10(b) claim. *In re Light Management Group, Inc.*, No. 02 CV 3345, 2003 WL 22990062, at *3 (S.D.N.Y. Dec. 19, 2003) (dismissing the Section 10(b) claim for lack of scienter without even considering the other elements of the claim); *Defer LP v. Raymond James Fin., Inc.*, 654 F. Supp. 2d 204, 217 (S.D.N.Y. 2009) ("[t]he lack of particularized allegations of scienter are fatal to plaintiff's claims" under Rule 10b-5).

As to Defendants' motive and opportunity, Plaintiff does not even attempt to show how its generalized allegation that Defendants "benefited from a larger Net Asset Value of the Fund by collecting management and incentive fees" could possibly establish motive or opportunity. (Compl. at ¶ 140). Any alleged motive based on nothing more than receiving profits in the ordinary course of business is insufficient to show scienter. *Defer LP*, 654 F. Supp. 2d at 217 ("[a]n allegation that defendants' motive was merely to increase or maintain profit … is insufficient.").

Plaintiff also does not refute Defendants' argument that they did not act with either a consciousness of misbehavior or recklessness. To show consciousness of misbehavior, Plaintiff must allege how each Defendant "knew that the statements were false at the time they were made…. Allegations of fraud by hindsight are insufficient as a matter of law." *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, No. 09 Civ. 4050, 2010 WL 3790810, at *19 (S.D.N.Y. Sept. 28, 2010) (dismissing section 10(b) claims, *inter alia*, because the complaint failed to show at the time the statements were made that defendant knew they were false); *Defer LP*, 654 F. Supp. 2d at 217. As noted, Plaintiff agrees that its securities fraud claims are based on "defendants' fraud before plaintiff's purchase of shares." (Opposition at 2). However, Plaintiff has made no allegations in either the Amended Complaint or in its opposition concerning Defendants' state of

3

mind when Plaintiff purchased its shares in 2006. Instead, all of Plaintiff's conclusory allegations concern Defendants' alleged inability to liquidate the Fund in late 2008. Plaintiff's opposition provides no facts or allegations that draw a connection between the Defendants' state of mind in 2006 and their actions in 2008.

### 2. The Amended Complaint Does Not Sufficiently Allege Any Misstatements

Plaintiff's only argument in favor of their Section 10(b) claim in their opposition is that they sufficiently stated Defendant's supposed misstatements. Nonetheless, Plaintiff's opposition fails to show how the three alleged misstatements by Defendants were sufficiently pled.

First, Plaintiff has not shown that Mr. Lewis' statement "that the Fund would be closed at $250 million" was false in any way. (Opposition at 14). Plaintiff's opposition merely reiterates its claims from the Amended Complaint that "it was later learned that the plaintiff's shares at issue represented approximately 72% of the Fund's Net Asset Value." (Opposition at 13). However, this does not show that the Fund exceeded this $250 million figure, or that the Fund closed below that figure. Thus, Plaintiff has not shown that this statement was false.

Second, Plaintiff has failed to show that "Defendants misrepresented [in 2006] that it has [sic] no conflicts of interest which would affect trading or trading flexibility." (Compl. ¶ 136). Plaintiff's assertion in its opposition that Defendants "later confessed to be 'insiders'" is immaterial. (Opposition at 13). Defendants' initial statement concerning a lack of conflicts was not a guarantee that no future conflicts would exist and the fact that more than two years after Plaintiff invested, Mr. Lewis allegedly stated that the fund's "hands are tied as we are insiders," does not show that the earlier statement was false when made. (Compl. ¶ 59).

Third, while the Confidential Private Placement Memorandum and the Due Diligence Questionnaire may have been "drafted on behalf of the" Fund, as Plaintiff alleges in its

4

1105495-2

opposition, this does not satisfy the requirements of Rule 9(b) that any complaint for securities fraud, *inter alia*, "identify the speaker" of each of the alleged false statements. *Caiafa*, 525 F. Supp. 2d at 409 (internal quotations omitted). Simply attributing the authorship to the Fund does not establish that either the Investment Advisor or Mr. Lewis had any involvement in the document's production. Moreover, Plaintiff cannot rely on group pleading doctrine to ascribe culpability to either Mr. Lewis or Mr. Kunar. "The group pleading doctrine is only available against a defendant if the plaintiff has alleged facts indicating that the defendant was a corporate insider or affiliate with direct involvement in the daily affairs of the company." *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, No. 09 Civ. 4050, 2010 WL 3790810, *23 (S.D.N.Y. Sept. 28, 2010) (holding that plaintiff had not satisfied the group pleading doctrine because it had not shown the defendants were insiders with daily involvement in the company). The Amended Complaint makes no mention of the role either of these defendants had in the daily operations of the Fund in 2006 when these documents were drafted.

      B.     <u>Plaintiff's Claim Under Section 20(a) Should Be Dismissed</u>

Plaintiff also does not refute that if Plaintiff's Section 10(b) claim is dismissed, its Section 20(a) claim must also be dismissed. Thus, since Plaintiff has failed to plead a primary violation under Section 10(b), its control person claim under Section 20(a) should also be dismissed. *See In re PXRE Group, Ltd., Secs. Litig.*, 600 F. Supp. 2d 510, 548 (S.D.N.Y. 2009) (dismissing Section 20(a) claim due to a lack of a primary violation after the court dismissed plaintiffs' Section 10(b) claim because of a failure to sufficiently plead scienter).

II

## THE COURT SHOULD NOT RETAIN JURISDICTION OVER THE REMAINING STATE LAW CLAIMS

Plaintiff also makes no attempt to contest Defendants' reasons why, in absence of any valid federal causes of action, the Court should not retain jurisdiction over Plaintiff's remaining state law claims. This Court does not poses diversity jurisdiction within the meaning of 28 U.S.C. § 1332(a)(1)-(4) because Plaintiff is organized and registered under the laws of the Cayman Islands (Compl. ¶ 1) and the Fund is organized and registered under the laws of Bermuda (Compl. ¶ 3). *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.").

III

## THE COURT SHOULD NOT APPOINT A RECEIVER

Should the Court retain any of Plaintiff's claims, it should nevertheless deny Plaintiff's further request that it intervene in the liquidation now underway, which is being conducted pursuant to Bermudan law.

    A.    To Be Entitled to the Appointment of a Receiver, Plaintiff Must Meet the Heavy Burden of Showing That a Receiver Is Necessary

Pursuant to Rule 66, Fed. R. Civ. P., this Court may appoint a receiver in a proper case. "[T]he appointment of a receiver is an extraordinary form of equitable relief in a private securities fraud action. A request for such relief, although addressed to the sound discretion of the court, should only be granted upon a clear and satisfactory showing that such relief is necessary to prevent the future dissipation of … assets by its controlling persons." *Brick v. Dominion Mortg. and Realty Trust*, 442 F. Supp. 283, 308 (S.D.N.Y. 1977) (denying request for

receiver where the court also dismissed the underlying securities fraud action); *see also Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) ("The appointment of a receiver is considered an extraordinary remedy and should be utilized only where clearly necessary to protect an interest by the plaintiff[.]"). Moreover, because it is such extraordinary relief, Plaintiff, as the proponent of the receiver, "bears a heavy burden to establish an actual need therefor." *Meineke Discount Muffler Shops, Inc. v. Noto*, 603 F. Supp. 443, 444 (E.D.N.Y. 1985) (denying a receiver where the company had made changes after fraud was discovered, namely by firing the employee responsible).

    B. It Is Not Necessary to Appoint a Receiver Because the Fund
      Is Currently Being Liquidated Pursuant to Bermuda Law

Here, Plaintiff has very clearly not met its heavy burden to establish that a receiver is necessary. No receiver is needed because the Fund has already appointed a independent third-party liquidator and Plaintiff is actively participating in the liquidator's plan of liquidation for the Fund.

On July 23, 2010, the Fund's directors formally voted to place the Fund into voluntary liquidation. As part of this process, the Fund appointed Leman Management Limited and Edward Allanby as liquidator of the Fund. (Ex. 1 (Letter from the Fund to Plaintiff, dated June 17, 2010)). The Fund's assets have been placed under Mr. Allanby's direct control and he, not Defendants, will be responsible for liquidating the Fund. (Ex. 2 (Letter from the E. Allanby to Plaintiff, dated September 8, 2010)). Mr. Allanby has already established a plan of liquidation, under which, all creditors had to present their claims to him in writing by October 9, 2010. *Id.* Plaintiff is actively participating in this plan and formally presented its claims to Mr. Allanby on October 8, 2010. (Ex. 3 (Letter from F. Helverson to E. Allanby to, dated October 8, 2010)).

7

1105495-2

Plaintiff argues that a receiver is needed because "Defendants clearly are incapable of liquidating the Fund … and outside help is required." (Opposition at 10). However, the Fund has already acquired "outside help" to liquidate its assets. Thus, it is not necessary for the Court to appoint a receiver in order to facilitate the liquidation of the Fund. *See Owens v. Gaffken & Barriger Fund LLC,* Nos. 08 Civ. 8414, 08 Civ. 9357, 2009 WL 773517, at *3 (S.D.N.Y. March 24, 2009) (finding appointment of a receiver not necessary because, *inter alia*, there was already "significant oversight of the liquidation of the Fund by non-defendant entities"); *S.E.C. v. Republic Nat. Life Ins. Co.,* 378 F. Supp. 430, 438 (S.D.N.Y. 1974) (finding it not necessary to appoint a receiver where the company was already under the supervision of the Texas insurance commissioner).

Perhaps recognizing that a receiver is not needed here, Plaintiff argues that the current liquidation should not prohibit appointment of a receiver because "a receiver is permitted to participate in a plan for liquidation." (Opposition at 10). In support of this proposition, Plaintiff cites to *S.E.C. v. Byers*, 637 F. Supp. 2d 166, 176 (S.D.N.Y. 2009). The *Byers* case does not support Plaintiff's assertion and the "unique facts" of that case are clearly distinguishable from the present matter. There, a receiver was appointed in conjunction with S.E.C.'s initiation of its enforcement action against a company that had allegedly orchestrated a quarter billion dollar Ponzi scheme. 590 F. Supp. 2d 637, 639 (S.D.N.Y. 2008). After more than ten months of investigation, *the receiver* in *Byers* recommended a plan of liquidation to the court, which the court approved. *Byers*, 637 F. Supp. 2d at 176. Here, by contrast, the Fund has already taken the responsible step of acquiring third-party assistance in establishing and executing a plan of liquidation.

The fact that the liquidation of the Fund must be conducted under Bermuda law is another factor compelling denial of the motion. If Plaintiff desired, it could commence proceedings in Bermuda, where the court would have personal jurisdiction over the liquidator and would be well equipped to apply Bermuda law. Here, any receiver would have to halt the liquidation now under way (therefore preserving the status quo) or alternatively conduct a review of the current liquidator's performance under Bermuda law. These factors make any receivership impractical as well as inequitable.

C. The Court Should Not Appoint a Receiver Because This Matter Should Be Dismissed

Even if Plaintiff could show that a receiver was necessary, which it cannot, its request should still be denied because Plaintiff has not shown it is entitled to any relief, let alone "extraordinary ... equitable relief[.]" The appointment of a receiver is a remedy, not a separate cause of action. As Plaintiff notes in its opposition, the Court's equitable power to appoint a receiver exists only where it is "'necessary to prevent the dissipation of a defendant's assets *pending further action by the court*.'" (Opposition at 8 (quoting *S.E.C. v. American Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987) (emphasis added)). Plaintiff has no evidence of improper dissipation. Moreover, there is no need for a receiver because the Court should take no further action concerning Plaintiff's claims. Plaintiff's allegations are insufficient to state a claim under federal securities law against Defendants and the Court should not retain jurisdiction over the remaining state law claims. Thus, the Court should have no further involvement in this matter, and therefore, has no reason to provide the Plaintiff with any relief whatsoever. *See Brick*, 442 F. Supp. at 308 (refusing to appoint a receiver based only on "unproven allegations of wrongdoing and unsubstantiated claims of insolvency").

9

Conclusion

For the foregoing reasons, the LAM Defendants request that the Court dismiss the Amended Complaint, deny Plaintiff leave to further amend its Complaint, deny Plaintiff's request for appointment of a receiver, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       November 1, 2010

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____
Thomas J. Fleming (TF 4423)
Mason A. Barney (MB 7225)
*Attorneys for Lewis Asset Management Corp., LAM Opportunity Fund, Ltd., W. Austin Lewis, IV and Andrew J. Kunar*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300