UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAYVEST GLOBAL MANDATE INC. f/k/a CAYVEST US EQUITY, INC.<br><br>                 Plaintiff,<br><br>v.<br><br>LEWIS ASSET MANAGEMENT CORP., LAM OPPORTUNITY FUND, LTD, W. AUSTIN LEWIS, IV, ANDREW J. KUNAR, AND CHRISTOPHER WETHERHILL.<br><br>                 Defendants. | Index No.:   1:10-cv-695 (RMB) |

**PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS-MOTION FOR APPOINTMENT OF RECEIVER AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

                                                  **SCHENCK, PRICE, SMITH & KING, LLP**
                                                  220 Park Avenue, P.O. Box 991
                                                  Florham Park, New Jersey 07932
                                                  (973) 539-1000
                                                  *Attorneys for Plaintiff*
                                                  *Cayvest Global Mandate Inc.*

Michael J. Marotte, Esq.
John P. Campbell, Esq.
*Of Counsel & on the Brief*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………….. ii

**PRELIMINARY STATEMENT**……………………………………………. 1

**LEGAL ARGUMENT**……………………………………………………..

    POINT ONE……………………………………………………. 1

    **PLAINTIFF HAS EXCEEDED THE BURDEN FOR THIS COURT TO IMMEDIATELY APPOINT A RECEIVER**

    POINT TWO……………………………………………………. 4

    **DEFENDANT'S MOTION TO DISMISS MUST BE DENIED**

**CONCLUSION**…………………………………………………………….. 6

# **TABLE OF AUTHORITIES**

**Cases:**                                                                                                                    **Pages**

ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. N.Y. 2007) ................................ 4

Brick v. Dominion Mortg., 442 F.Supp. 283 (S.D.N.Y. 2007) ........................................................ 1

Caiafa v. Sea Containers Ltd., 525 F. Supp. 2d 398 (S.D.N.Y. 2007) ............................................ 4

Defer LP v. Raymond James Fin., Inc., 654 F.Supp. 2d 204, 217 (S.D.N.Y. 2009) ...................... 5

H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989) ......................................................... 5

Merritt v. Shuttle, Inc., 245 F. 3d 182 (2d Cir. 2001) ....................................................................... 5

**PRELIMINARY STATEMENT**

Plaintiff's cross-motion seeking to appoint a receiver must be granted. This Court is well within its discretion to appoint a receiver, the Fund's current assets are completely unknown due to the defendants' fraud, whatever assets remain must be immediately preserved and the defendant's hand-picked liquidator has already established himself as someone who will not do the difficult work in auditing the Fund to maximize asset preservation. Moreover, the defendants have failed to come forward with any arguments suggesting why a receiver should not be immediately appointed.

Also, defendants' motion to dismiss plaintiffs' amended complaint must be denied. Plaintiff has filed and served a very well-pled amended complaint. Moreover, it set forth in its initial moving papers how that well-pled amended complaint conformed to the requirements of federal securities law pleading standards. Defendants must not be rewarded for their delay tactics to avoid the payment of approximately $2,000,000 in redemption funds to the plaintiff which are more than 2 years overdue. It is imperative that the merits of this matter be litigated.

**LEGAL ARGUMENT**

**I.     PLAINTIFF HAS EXCEEDED THE BURDEN FOR THIS COURT TO IMMEDIATELY APPOINT A RECEIVER**

Defendants concede that the appointment of a receiver is left to the "sound discretion of the court…upon a clear and satisfactory showing that such relief is necessary to prevent the future dissipation of…assets." See Reply Brief page 6 citing Brick v. Dominion Mortg. and Realty Trust, 442 F.Supp. 283, 308 (S.D.N.Y. 1977). The plaintiff has satisfied this showing and now asks for the Court's discretion. The tortured history plaintiff has been put through while seeking a return of its monies was set forth in great detail in the initial cross-motion papers and

in the Amended Complaint. Plaintiff made its written request for the redemption of all of its shares on August 19, 2008 – more than two years later and nothing has changed. The promises for a return continue. The lack of results continues as well. Only a court-appointed receiver can help the plaintiff at this point.

The defendants have put before the Court a letter dated September 8, 2010 from the liquidator who was hand-selected by the defendants to the plaintiff. See Flemming Reply Declaration Exhibit 2. The liquidator's September 8, 2010 letter establishes that the delay is far from over.

First, in their June 17, 2010 letter the defendants promised that "the Liquidator will arrange for the financial statements of the Fund to be audited to the date that the final Net Asset Value is determined." See Campbell Affirmation Exhibit 24 and Fleming Reply Declaration Exhibit 1. This information promised by the defendants is critical because plaintiff has not been advised of the account balance since December 2009. According to various reports provided by defendants, the Fund's value greatly fluctuated between $2.39 mm in May 2009 and $4.14 mm in August 2009 when Morgan Stanley was administering the Fund. Then, the Fund's value dropped precipitously when the Fund was "forced to exit from Morgan Stanley" and its value was reported as $3.16 mm in August 2009 while Monarch was acting as the administrator. See Exhibit 19. Plaintiffs have not received an account statement since December 2009 when the account balance for the Fund was $3,204,684.52. See Exhibit 21.

Despite the fact that the plaintiffs are in the dark as to the account balance, the liquidator has determined that he will not shed any light on the Fund's balance. Overturning the promise made by the defendants the liquidator stated in his September 8, 2010 letter:

>The Letter (the Fund's June 17, 2010 Letter) stated that the Liquidator will arrange for the financial statements of the Fund to be audited to the date that the final Net Asset Value will be determined. However, as a result of the resignation of the former accounting and administration service provider towards the end of 2008, and the absence of any audited financial statements of the Fund since inception, it is considered that an attempt to provide accounts sufficient for an audit from inception to the date of my appointment would be time consuming and hence costly. My obligation is to maintain records of the state of affairs from the date of my appointment to the date of the final general meeting for presentation and approval. At that date an audit firm could be engaged to review and report to investors that assets of the Fund at the date of entering liquidation had been safeguarded and subsequently fairly distributed.

See Fleming Reply Declaration Exhibit 2.

A court appointed receiver would be charged with preventing the future dissipation of assets. Here, the liquidator hand-picked by the defendants concedes "the absence of any audited financial statements of the Fund since inception," but nevertheless determined that he will not audit the Fund. As a result, the liquidator is not determining what assets have already been dissipated by the defendants. This Fund suddenly lost approximately $1,000,000 in August 2009 when it was "forced to exit from Morgan Stanley." A full and complete audit is required to liquidate and ensure the assets of the Fund. A court appointed receiver must participate in the liquidation to do so.

Second, the liquidator sends his initial correspondence on September 8, 2010, but indicates that he will not report again until "mid-December." Quarterly reporting is a significant increase from the zero reporting by the defendants, but it is wholly insufficient when millions of dollars have not been accounted for since December 2009. Again, a court appointed receiver charged with preventing the future dissipation of assets would do a far superior job.

Also, the defendants claim that a receiver is not necessary because "plaintiff is actively participating in this plan and formally presented its claims to Mr. Allanby on October 8, 2010." See Reply Brief page 7 and Exhibit 3 to Allanby Reply Declaration. To somehow suggest that

3

plaintiff responding to the liquidator's letter obviates the need for a receiver is outrageous. Plaintiff has been seeking to recoup its money since August 19, 2008 and it continues to do so. Plaintiff has fulfilled every request made by the defendants and their liquidator. A receiver is immediately necessary to oversee the Fund and any potentially ongoing liquidation.

## II.     DEFENDANT'S MOTION TO DISMISS MUST BE DENIED

Plaintiff has already addressed each and every argument offered by the defendants in their attempt to once again delay the ultimate payment of plaintiff's proceeds. The defendants' motion to dismiss is not viable because the Amended Complaint is well-pled. Defendants claim that some of their arguments were ignored in the opposition, but this is not the case. The Amended Complaint was not regurgitated to elongate plaintiff's opposition. Instead, the Court was referred to the Amended Complaint.

Also, plaintiff's Amended Complaint pleads the numerous misstatements made by the defendants. Defendants' claims that these were not sufficiently pled ring hollow. See Reply Brief page 4. The specific misstatements regarding the Fund's total value and the conflict of interests are sufficiently alleged as the speakers were identified, the "where and when" were alleged, and an explaination as to why the statements were fraudulent were provided per ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. N.Y. 2007).

Also, defendants allege that "to state a claim under § 10(b) and the corresponding Rule 10b-5, a plaintiff must plead that the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." See Reply Brief page 2 citing Caiafa v. Sea Containers Ltd., 525 F. Supp. 2d 398, 408-09 (S.D.N.Y. 2007). This

4

argument was adequately addressed in the initial opposition and more importantly in the Amended Complaint.

Plaintiffs pled facts giving a strong inference of scienter.  See ¶¶ Amended Complaint 138 to 151.  For example, it was pled that the defendants were motivated and had the opportunity to commit the fraud of inducing plaintiff to invest in the Fund.  Specifically, the defendants benefited from a larger Net Asset Value of the Fund by collecting management and incentive fees based upon this figure and the profits that could be realized as a result of this figure.  The management and incentive fees are directly proportional to the Net Asset Value of the Fund and the profits earned by the fund.  Defendants directly benefited by failing to provide plaintiff with its Redemption Funds.

Although defendants argue in their brief that plaintiff did not allege facts giving rise to an inference of fraud, they also cite to Defer LP v. Raymond James Fin., Inc., 654 F. Supp. 2d 204, 217 (S.D.N.Y. 2009) and claim that "any alleged motive based on nothing more than receiving profits in the ordinary course of business is insufficient to show scienter."  See Reply Brief page 3.  However, this argument completely ignores the other well pled facts which give rise to the inference of scienter.  For example, defendant's investments were reckless such that the Fund has been unable to redeem the plaintiff's shares for a period of almost two years. The total illiquidity of investments just two years after formation shows a reckless disregard for the stated investment objectives and requirements for share redemption.

Finally, plaintiff's alleged facts in the Amended Complaint must be read in the light most favorable to the Plaintiff and the allegations must be accepted as true.  H.J., Inc.v. Northwestern Bell Tel. Co., 492 U.S. 229, 249 (1989).   In addition, a court must "draw all reasonable inferences in the plaintiff's favor." Merritt v. Shuttle, Inc., 245 F. 3d 182, 186 (2d Cir. 2001).

Plaintiff's Amended Complaint adequately meets all federal security pleading requirements and the motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, a receiver should be appointed and defendants' motion should be denied.

Dated:  November 8, 2010

SCHENCK, PRICE, SMITH & KING, LLP
*Attorneys for Plaintiff*

/s/ John P. Campbell
John P. Campbell (JC 8746)
Michael J. Marotte

JPC01125361

6